IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM H. McCLURE and
MARGARET T. McCLURE,

    Plaintiffs,

v.                                     Civil Action No. 5:04CV25
                                                        (STAMP)
ELMO GREER & SONS OF KENTUCKY, LLC,
a foreign limited liability company
f/k/a Elmo Greer & Sons, Inc.,
a foreign corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.  Procedural History

On February 4, 2004, the plaintiffs, William and Margaret McClure, filed a civil action in the Circuit Court of Ohio County, West Virginia alleging claims of breach of contract (Count I) and fraud, misrepresentation, and outrageous conduct (Count II) against the defendant. On March 4, 2004, the defendant removed the action to this Court pursuant to 28 U.S.C. § 1332, alleging that diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

The plaintiffs filed a motion for partial summary judgment in this action, to which the defendant responded and the plaintiffs replied. The defendant also filed a motion for summary judgment, to which the plaintiffs responded and the defendant replied. These

dispositive motions are now fully briefed and ripe for review. After considering the parties' memoranda and the applicable law, this Court finds that the defendant's motion for summary judgment should be granted in part and denied in part, and the plaintiffs' motion for partial summary judgment should be denied.

## II. Facts

The plaintiffs are owners of real property located in Ohio County, West Virginia. In their complaint, they allege that on July 14, 1999, they entered into a contract with the defendant that allowed the defendant to place dirt, rocks, and other materials related to its West Virginia State Route 2 construction work on the plaintiffs' property in exchange for monetary compensation. The plaintiffs assert that the defendant breached this contract by: (1) failing to provide full and timely compensation to the plaintiffs; (2) hauling materials across the plaintiffs' property that were not included in the contract, without the plaintiffs' permission and without providing compensation; and (3) storing equipment and a rock crushing plant on the plaintiffs' property without permission and without providing compensation. They further assert that the defendant made willful, intentional, malicious and fraudulent representations regarding its ability to make partial payments to the plaintiffs. The plaintiffs also allege that "[t]he Contract prepared by Elmo Greer intentionally deleted the timing of payment so that defendant . . . could create and withhold timely payments

under the Contract in order to profit from the money that should have been lawfully paid to property owners . . . ." Compl. ¶ 23. The plaintiffs seek compensatory and punitive damages.

III. <u>Applicable Law</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." <u>Temkin v. Frederick County Comm'rs</u>, 945 F.2d 716, 718 (4th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1095 (1992)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in <u>Anderson</u>, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are

3

any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

### A. Plaintiffs' Motion for Partial Summary Judgment

The plaintiffs assert that no genuine issue of fact exists with respect to Count I (Breach of Contract) and Count II (Fraud, Misrepresentations, and/or Outrageous Conduct), and that they are entitled to judgment as a matter of law. They claim that there is no dispute that the defendant breached the contract by failing to pay the plaintiffs the compensation they were entitled to under the contract within a reasonable time. They further argue that the defendant breached the contract by storing dynamite, fuel, oil, and a water reservoir on the property, and by hauling fill across the property ("wheelage") without permission.

With respect to Count II, the plaintiffs argue that the defendant, by its agent Gary Taylor ("Taylor"), perpetrated an ongoing fraud against them by misrepresenting material facts in order to avoid paying the plaintiffs amounts due to them under the contract. Specifically, they argue that Taylor had the ability to measure the amount of fill placed on their property and to provide them with partial payment, but intentionally did not do so until July 2001. They assert that he misled them by telling them that this calculation was not possible, and also failed for a significant period of time to respond to their inquiries on the subject.

Moreover, the plaintiffs contend that the defendant's final payment to them did not include compensation for wheelage and the storage of dynamite and other materials. They claim that the defendant "preyed on [their] lack of knowledge and hoped to gain a windfall." Pls.' Mot. Partial Summ. J. at 23. They further assert that they were forced to rely on the defendant's misrepresentations because they did not know that the defendant was not providing them with accurate information. The plaintiffs contend that the defendant's actions constitute fraud, misrepresentation, and outrageous conduct as a matter of law.

In response, the defendant first argues that the plaintiffs are relying on evidence outside of the record to support their summary judgment motion. The defendant contends that the deposition testimony of Gary Taylor and Robert Ackerson ("Ackerson") offered by the plaintiffs was taken during previous litigation involving different plaintiffs. The defendant objects to this evidence as irrelevant and outside of the scope of admissibility for summary judgment purposes.

Next, the defendant contends that the issue of whether the defendant paid the plaintiffs within a reasonable time is a question for a jury. Further, the defendant asserts that the plaintiffs are not entitled to summary judgment on their breach of contract claim regarding the storage and hauling of certain items and the creation of a rock crushing operation on the plaintiffs'

property without permission. The defendant argues that the language of the contract gives the defendant the right to stockpile materials and to operate a temporary grading operation.[1]

Further, the defendant asserts that Mr. McClure was not an unsophisticated participant in the negotiations, as suggested by the plaintiffs. The defendant asserts that Mr. McClure actively negotiated the terms of his contract, and at one point typed up his own contract with suggested language and faxed it to Taylor.[2] On these grounds, the defendant asserts that the language in the contract should not be construed strictly against the defendant, as Mr. McClure was responsible for negotiating and drafting some of its content.

---

[1] The contract states in pertinent part:

(1) Contractor shall have the right to place dirt, rock and other natural material from the Project Site . . . , together with the right of ingress and egress, over and on the following described property . . .

. . .

(7) Contractor shall have the right to stockpile material, install and operate a temporary grading operation for the production of subgrade material and pipe bedding . . . The Contractor will maintain exclusive ownership of these materials.

Def.'s Mot. Summ. J., Ex. A.

[2] The defendant contends that one of the issues that Mr. McClure unsuccessfully attempted to negotiate was the right to be paid wheelage.

Finally, the defendant asserts that the plaintiffs have not provided a sufficient basis to recover under a separate tort claim because their causes of action arise solely out of the contract at issue. The defendant contends that "[t]he sole claim for damage as a result of the misrepresentations is identical to the claim for damages plaintiffs are making in their breach of contract cause of action." Def.'s Resp. at 6. The defendant asserts that the plaintiffs have not demonstrated that they relied to their detriment on statements by the defendant or that there was additional damage which must be compensated in tort. Thus, the defendant argues that Count II must fail. Further, the defendant argues that genuine issues of material fact exist regarding the alleged misrepresentations made by the defendant, and, consequently, the plaintiffs' motion for summary judgment as to this issue must be denied.

In reply, the plaintiffs argue that the prior testimony of Taylor and Ackerson is admissible for the purposes of this summary judgment motion because the case for which the testimony was taken shows the "common characteristics and the proximity in time in which these misrepresentations occurred . . ." Pls.' Reply at 4.

Upon review of the record, this Court finds that the plaintiffs' motion for partial summary judgment must be denied. First, this Court finds that a factual dispute exists as to whether the defendant made payment to the plaintiffs within a "reasonable

time." The plaintiffs admit that the contract was silent with respect to the timing of payments, and this Court finds that reasonable minds could differ as to the appropriateness of the timing based on the facts presented in the record to date. Thus, this is an issue of fact that is more appropriately decided by a jury. See, e.g., Haug v. Gersten Constr. Co., 289 F.2d 616, 619 (4th Cir. 1961).

Further, this Court finds that the question of whether the defendant breached the contract by storing dynamite, fuel, oil, storage trailers, and a fuel depot on the property and by hauling fill across the property without the plaintiffs' permission should be decided by a jury. The contract includes a provision permitting the defendant to stockpile material on the property, and reasonable minds could differ regarding the interpretation of that language. Further, the defendant has argued that Mr. McClure participated in the drafting of the contract and attempted to negotiate several terms of the agreement, including the wheelage issue. Thus, this Court finds that a genuine issue of material fact exists as to whether the defendant's alleged actions were within the scope of the contract.

With respect to Count II, this Court must initially conclude that the deposition testimony of Taylor and Ackerson from a

previous civil action[3] is admissible in support of the plaintiffs' motion. It is well-established that "federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." St. Louis Baptist Temple v. Federal Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979). Further, the United States Court of Appeals for the Fifth Circuit has held that "[a]lthough Rule 56 does not expressly contemplate the use of such evidence in granting summary judgment, we find no error in relying on such evidence." Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1415 (5th Cir. 1993). Thus, this Court will consider the prior deposition testimony in support of the plaintiffs' motion.

Even after considering this disputed testimony, this Court cannot conclude that the plaintiffs are entitled to summary judgment on Count II. This Court will address this issue further in the discussions that follow regarding the defendant's motion for summary judgment. However, this Court finds that the plaintiffs have failed to prove that they are entitled to summary judgment with respect to Counts I and II.

---

[3] This deposition testimony was taken as a part of Klein v. Elmo Greer & Sons of Kentucky, Civil Action No. 02-C-26, in the Circuit Court of Ohio County, West Virginia.

B.  <u>Defendant's Motion for Summary Judgment</u>

The defendant has submitted what is essentially a cross-motion for summary judgment, raising the same issues discussed above. First, the defendant argues that the contract was created through arms-length negotiation between knowledgeable parties. The defendant claims that the language of the contract permits the defendant to conduct wheelage, to stockpile materials, and to conduct rock crushing operations on the property. Further, it argues that the contract does not contemplate that the plaintiffs receive additional compensation for these actions. Thus, the defendant asserts that the plaintiffs' breach of contract claim should be dismissed in part with respect to these allegations, and should remain only as to the allegation of failure to provide payment within a reasonable time.

In addition, the defendant argues that the plaintiffs' tort claims must fail because the allegations stem from the parties' contractual relationship. The defendant asserts that the gravamen of the plaintiffs' complaint is breach of contract, and that "[p]laintiffs' tort claims derive from duties and obligations imposed by mutual agreement." Def.'s Mot. Summ. J. at 3. Thus, the defendant argues that Count II should be dismissed with prejudice.

Finally, the defendant asserts that the plaintiffs' claim for punitive damages must fail because this form of compensation is

unavailable in pure contract actions. The defendant again notes that the plaintiffs' tort claims must fail, but asserts that, even if this Court finds them viable, the claim for punitive damages lacks merit. The defendant argues that the plaintiffs have not provided any evidence of wrongful actions of the defendant other than failure to provide payment in a timely manner. The defendant asserts that this cannot support a claim of willful and wanton conduct that is sufficient for punitive damages to be awarded.

In response, the plaintiffs first concede that they are not entitled to damages for the placement of the rock crusher on their property or for the wheelage of crushed rock across their property. However, they argue that the allegations regarding the wheelage of fill across the property and the storage of dynamite, fuel, oil, and storage trailers, and the creation of a fuel reservoir should stand. They assert that the defendant has misrepresented the McClures' bargaining power with respect to the original contract. They contend that the plaintiffs did not have a detailed understanding of the project or of what they were entitled to receive as compensation under the contract. Moreover, they assert that the ambiguities that arise should be construed most strongly against the defendant.

In addition, the plaintiffs assert that their tort claims are viable. They contend that there are separate and distinct damages available for claims arising from fraudulent misrepresentations

that occur during the performance of a contract. They argue that the present case includes claims both for breach of contract and for separate torts committed during the performance of the contract. They also assert that they have suffered separate damages for annoyance, inconvenience, and attorney's fees.

Finally, the plaintiffs contend that their claim for punitive damages survives because the defendant's acts of fraud and misrepresentation were sufficiently willful, wanton, reckless, and malicious to warrant such damages.

Upon review, this Court first notes that, as previously discussed, genuine issues of material fact exist with respect to the plaintiffs' breach of contract claim, with the exception of those issues conceded by the plaintiffs in their response to the defendant's motion for summary judgment; i.e., the placement of the rock crusher on the plaintiffs' property and the wheelage of crushed rock across the property. The defendant's motion for summary judgment is, therefore, granted in part as to those two issues and denied as to the rest of the allegations in Count I.

This Court will next consider the viability of Count II -- the plaintiffs' tort claims of fraud, misrepresentation, and outrageous conduct. The defendant argues that the plaintiffs' tort claims must fail on two grounds: (1) the alleged fraudulent actions arise solely out of the contract in this case; and (2) the alleged statements were merely promissory in nature, or were unfulfilled

13

predictions or expectations about payment, and are not alone sufficient to constitute fraud. This Court will consider each of these arguments in turn.

The plaintiffs' tort claims stem from their allegation that the defendant perpetrated an intentional, fraudulent scheme to avoid paying them the monies due pursuant to the contract. The Supreme Court of Appeals of West Virginia has stated:

> Tort liability of the parties to a contract arises from the breach of some <u>positive legal duty imposed by law because of the relationship of the parties, rather than from a mere omission to perform a contract obligation</u>. An action in tort will not arise for breach of contract unless the action in tort <u>would arise independent of the existence of the contract</u>.

<u>Lockhart v. Airco Heating & Cooling</u>, 211 W. Va. 609, 614 (2002)(emphasis added). This Court interprets <u>Lockhart</u> to stand for the proposition that a separate tort claim can go forward only if it would be viable in the absence of a contract between the parties. In this case, the plaintiffs would not be able to allege a claim in tort in the absence of the contract. There is no independent legal duty of payment imposed by law based upon the relationship between the plaintiffs and the defendant. The fraudulent scheme alleged by the plaintiffs stems directly from the defendant's alleged omission to perform a contract obligation, and not from any independent duty it held to the plaintiffs or the public at large.

Further, this Court notes that the primary case cited by the plaintiffs in support of their position, <u>Muzelak v. King Chevrolet, Inc.</u>, 179 W. Va. 340 (1988), can easily be distinguished from the facts of this case. In <u>Muzelak</u>, the plaintiff's claim of fraud/misrepresentation arose from a statutory duty imposed on the defendant by law -- the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 to -110. The plaintiffs have cited no such legal duty in this case.

In addition, this Court finds that the predictions or unfulfilled promises alleged by the plaintiffs do not create actionable fraud. The Supreme Court of Appeals of West Virginia has held that "an expression of intention or opinion will not serve as the predicate of fraud unless the party claiming fraud shows the non-existence of the intention to fulfill the promise or predicted act at the time the promise or predicted act was made." <u>Croston v. Emax Oil Co.</u>, 195 W. Va. 86, 90 (1995). The plaintiffs have not made such a showing in this case. The evidence presented by the plaintiff -- the deposition testimony of Taylor and Ackerson during the <u>Klein</u> case -- does not provide any evidence of the defendant's intentions at the time the promises were made to the plaintiffs. It merely addresses the traditional contractual language and schedules of payment used by the defendant. In the absence of any evidence regarding intent, this Court cannot consider the alleged promises made by Taylor to provide partial payments to be

15

actionable fraud. Thus, given the above findings, summary judgment in favor of the defendant is appropriate as to Count II.

Finally, this Court notes that "[g]enerally, absent an independent, intentional tort committed by the defendant, punitive damages are not available in an action for breach of contract." Berry v. Nationwide Mut. Fire Ins. Co., 181 W. Va. 168, 175 (1989). Because this Court has found that the plaintiffs' independent tort claims are not viable, the plaintiffs' punitive damages claim also must fail. Accordingly, the defendant's motion for summary judgment as to Count III must also be granted.

## V. Conclusion

Because the defendant has set forth sufficient evidence to demonstrate to this Court that there is an absence of a genuine issue of material fact with respect to Count I in part, Count II, and Count III, this Court, pursuant to Rule 56(e), the defendant's motion for summary judgment is hereby GRANTED IN PART and DENIED IN PART. Further, the plaintiffs' motion for partial summary judgment is hereby DENIED. This action will go forward only with respect to the plaintiffs' claim of breach of contract as to payment within a reasonable time, unauthorized wheelage of fill across their property, unauthorized storage of dynamite, fuel, oil, and storage trailers, and the unauthorized creation of a fuel reservoir.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 27, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE